CONERY, J.,
dissenting.
_JjThis lawsuit is the result of an automobile accident between the driver of a bus and the occupants of a left-turning vehicle that the bus was following. Ms. Harville, as the proceeding motorist, initiated a left turn. The bus driver, Mr. Herrera, claimed that he did not have enough time to stop without rear-ending the left-turning véhicle. He veered into the opposite lane of traffic and began passing Ms. Har-ville’s vehicle to avoid a collision. He was unable to do so, resulting in a collision between the bus and the left-turning vehicle.
Ms. Harville sued and filed a motion for summary judgment claiming that she was not at fault in any way. Ms. Harville settled her lawsuit and dismissed her case. However, Ms. Monk, the guest passenger in Ms. Harville’s vehicle, also filed suit against both Ms. Harville and the bus company. She adopted Ms. Harville’s position on the motion for summary judgment and claims on appeal that the summary judgment finding no fault on the part of Ms. Harville should be |2upheld, as it was granted while the cases were consolidated and before Ms. Harville settled her consolidated suit.[1] The trial court granted the *583 summary judgment, finding, no fault on the part of Ms. Harville, the left turning motorist. The majority affirmed. I disagree.
Issues of material fact preclude summary judgment in this case. Ms. Harville, the left turning driver, admitted in her deposition that she did not even know the bus was behind her when she began her left turn. A question of fact, therefore, arises as to whether she even looked in her rear and side view mirrors before initiating her left turn. Photos of the damage to the vehicles show that the front corner of the passenger’s side of the bus struck Ms. Harville’s vehicle on the front corner of the driver’s side, which arguably demonstrates that Ms. Harville was not even 50% of the way through her turn when she was either hit by or turned into the passing bus.
The duty on the left turning motorist is great. Had Ms. Harville checked her rear view and side view mirrors before she began slowing for a turn, it would have been virtually impossible to miss seeing a large bus following her. The testimony of the bus driver was that he had been following Ms. Harville’s vehicle for quite some time.
Ms. Harville further testified in her deposition that she was looking for a garage sale location just prior to initiating her left turn. How close was Ms. Harville to the garage sale sign when she saw the sign and activated her turn signal? Additional factual questions involve how rapidly she slowed down to |3make the left turn after she spotted the sign. Was the maneuver “sudden” as the bus driver suggested?
Summary Judgment is not proper when so many factual questions and inferences from disputed facts are present. Credibility determinations as to the bus driver’s version of the collision as opposed to Ms. Harville’s version are for the fact finder. This court has stated, “If reasonable persons could reach only one conclusion as to a particular factual issue, then such issue is not genuine and may be disposed of summarily. However, if reasonable persons could disagree as to a factual issue’s resolution, then such an issue is genuine, and trial on the merits is warranted.” Lovejoy v. Bergeaux, 03-862, p. 5 (La.App. 3 Cir. 12/10/03), 862 So.2d 490, 493, writ denied, 04-13 (La.3/19/04), 869 So.2d 851, cert, denied, 543 U.S. 819,125 S.Ct. 58,160 L.Ed.2d 28 (2004) (citing Sumner v. Sumner, 95-677 (La.App. 3 Cir. 11/8/95), 664 So.2d 718, writ denied, 95-2919 (La.2/9/96), 667 So.2d 531).
There are myriad factual questions in this case and credibility determinations are essential for a proper resolution. I would reverse the summary judgment and remand the case to the trial court for a trial on the merits.

. Joni L. Harville, individually and on behalf of her minor children, Landon Harville and Tristan Harville v. United Fire & Casualty Insurance Company, Lifeshare Blood Centers *583 and Jeffery G. Herrera, 13-1417 (La.App. 3 Cir.-/-/-),-So.3d-.